IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JENNY CHAMBERS-LEMOINE                                              PLAINTIFFS
and CLIFFORD LEMOINE

v.                              Case No. 4:22-CV-589-LPR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                    DEFENDANT

## ORDER

Plaintiffs Jenny Chambers-Lemoine and Clifford Lemoine allege that Defendant State Farm Mutual Automobile Insurance Company has refused to honor and in good faith negotiate the Lemoines' demand for a policy-limit payout under their underinsured motorist automobile insurance coverage. The Lemoines bring three claims in this case: a breach of contract claim, a bad faith tort claim, and a loss of consortium claim.[1]

State Farm filed the pending Partial Motion to Dismiss the Lemoines' bad faith claim.[2] State Farm argues that the controversy between the parties is simply over the value of the Lemoines' insurance claim.[3] According to State Farm, the facts alleged by the Lemoines show nothing more than a routine value dispute and thus fail to set forth a viable claim for bad faith.[4] For the reasons stated below, the Court GRANTS in part and DENIES in part State Farm's Motion. State Farm is right that, as currently pled, there is not enough here to make the bad faith claim plausible. But perhaps the Lemoines can fix that. The Court gives the Lemoines leave to amend their Complaint. If the Lemoines do not amend their Complaint within twenty-one days of the

---

[1] All of these are common law claims under Arkansas law.

[2] Def.'s Partial Mot. to Dismiss (Doc. 6).

[3] Def.'s Br. in Supp. of Partial Mot. to Dismiss (Doc. 7) at 4.

[4] *Id.* at 1–2.

date of this Order, the Court will dismiss their bad faith claim against State Farm. If they do amend, the Court will entertain new motion-to-dismiss briefing.

## BACKGROUND[5]

On April 25, 2019, Ms. Chambers-Lemoine was driving in Bryant, Arkansas, when another motorist rear-ended her.[6] Ms. Chambers-Lemoine sought medical treatment for nausea, headache, and neck and back pain.[7] She learned from tests performed at CHI St. Vincent Infirmary that she suffered from "a lateral herniated disk at region C6-C7."[8] As a result, Ms. Chambers-Lemoine has undergone several treatments and started taking new prescription medications.[9]

Ms. Chambers-Lemoine sought compensation from the tortfeasor that rear-ended her.[10] The tortfeasor's insurance company paid Ms. Chambers-Lemoine the $25,000 policy limit.[11] Claiming that this payment did not adequately compensate her, Ms. Chambers-Lemoine sought additional coverage from the underinsured motorist (UIM) portion of her own auto insurance.[12] Specifically, she asked State Farm to pay her the limit of her UIM policy: $250,000.[13] State Farm evaluated her claim and offered $6,205.90.[14] The thoroughness and nature of this evaluation is at issue in the Lemoines' bad faith claim and, correspondingly, in this Motion to Dismiss.

---

[5] The background facts are taken from allegations in the Lemoines' Complaint, and they are considered to be true for purposes of this Order only.

[6] Compl. (Doc. 2) ¶¶ 7–13. The Lemoines are both plaintiffs in this case because they jointly held the insurance policy with State Farm and one of their claims—loss of consortium—alleges a direct injury to Mr. Lemoine. *Id.* ¶¶ 29, 54–57. Ms. Chambers-Lemoine was the only plaintiff directly involved in the car wreck. *Id.* ¶ 7.

[7] *Id.* ¶¶ 14–15.

[8] *Id.* ¶ 16.

[9] *Id.* ¶¶ 22–23.

[10] *Id.* ¶ 35.

[11] *Id.* ¶¶ 35–36. State Farm consented to this payment by the tortfeasor's insurance company. *Id.*

[12] *Id.* ¶¶ 37–38, 43–44.

[13] *Id.* ¶¶ 38, 40.

[14] *Id.* ¶ 39; Def.'s Br. in Supp. of Partial Mot. to Dismiss (Doc. 7) at 4.

In any event, the Lemoines responded to State Farm's offer by filing the instant lawsuit. As relevant to today's Order, the Lemoines say that State Farm acted in bad faith when it attempted to negotiate the UIM coverage payout (by way of an allegedly low-ball offer) instead of paying Ms. Chambers-Lemoine the $250,000 she requested.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] "Factual allegations are taken to be true at the motion-to-dismiss stage because the plaintiff has not had a full opportunity to conduct discovery and thereby uncover facts that support his or her claim."[17] But a court need not accept "conclusory statements" or "naked assertion[s] devoid of further factual enhancement."[18]

## DISCUSSION

The Lemoines make only a few, vague allegations concerning State Farm's supposed bad faith. The Court summarizes them here:

- State Farm denied the Lemoines' $250,000 claim and instead counter-offered $6,205.90;[19]

- State Farm had "fiduciary obligations to" the Lemoines and "intentionally breached th[ose] duties";[20]

---

[15] *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[16] *Iqbal*, 556 U.S. at 678.

[17] *Ashley v. U.S. Dep't of Interior*, 408 F.3d 997, 1000 (8th Cir. 2005).

[18] *Retro Television Network, Inc. v. Luken Commc'ns*, 696 F.3d 766, 768 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

[19] Compl. (Doc. 2) ¶¶ 38–39.

[20] *Id.* ¶¶ 48–49.

3

- State Farm engaged in "dishonest, oppressive and malicious acts in an attempt to avoid liability";[21]

- State Farm "consciously disregard[ed] or turn[ed] a blind eye to clear medical records and documentation in the claims file that Plaintiff Jenny Chambers-Lemoine suffered injuries to her neck, back, and other parts of her body, as well as headaches, muscle spasms, pain in upper and lower extremities, and urinary and fecal incontinence";[22]

- State Farm, "knowing it had no legal justification for doing so, [thereby] purposefully forced Plaintiffs to file" in court;[23] and,

- State Farm "set[] out to collect the minimum facts it could find to issue a denial."[24]

The Lemoines allege that the foregoing constitutes a "pattern of deception and unfair practices" on the part of State Farm.[25]

The tort of bad faith requires "affirmative misconduct by the insurance company, . . . [that is] dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy."[26]  A bad faith "claim cannot be based upon [a] good faith denial, offers to compromise a claim or for other honest errors of judgment by the insurer."[27]  "This standard is rigorous and difficult to satisfy."[28]  The insurance company's affirmative acts "must be carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge."[29]

---

[21] *Id.* ¶ 50.

[22] *Id.*

[23] *Id.* ¶ 51.

[24] *Id.* ¶ 52.

[25] *Id.* ¶ 53.

[26] *Aetna Cas. and Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 133, 664 S.W.2d 463, 465 (1984).

[27] *Id.*

[28] *Sims v. State Farm Mut. Auto. Ins. Co.*, 894 F.3d 941, 945 (8th Cir. 2018) (citation and quotation marks omitted).

[29] *Id.* (citation and quotation marks omitted).

The Lemoines have not alleged enough facts to make out a viable bad faith claim. Most of their allegations are "threadbare recitals of [the] cause of action's elements, supported by mere conclusory statements."[30] The Lemoines repeatedly allege that State Farm engaged in "dishonest, malicious and oppressive behavior . . . ."[31] This is, for all intents and purposes, a mere recitation of an element of bad faith under Arkansas law.[32] And it doesn't get better for the Lemoines when we move on to what they appear to consider to be the "fact allegations" supporting their elements recitation. The Lemoines argue that their allegations that State Farm breached its fiduciary duties to them, attempted to avoid liability, ignored medical records, collected the minimum facts necessary for a denial, and engaged in a pattern of bad practices are sufficient to give State Farm "fair notice of what the claim is . . . ."[33] But these allegations are all just conclusory statements. And "mere conclusory statements" are not enough.[34] There are no concrete facts alleged from which the Court can judge the plausibility of the claim.

The Lemoines seem to want the Court to infer bad faith based on (1) an inference about the "severity of [Ms. Chambers-Lemoine's] injuries" and the resulting amount owed under the UIM policy, and (2) an inference that State Farm could not have possibly believed that the Lemoines were entitled to only $6,205.90.[35] There's just not enough in the record to plausibly support those inferences. At most, there might be enough to suggest State Farm's position on the amount it owed the Lemoines (i.e., $6,205.90) was wrong. But being wrong doesn't constitute

---

[30] *Iqbal*, 556 U.S. at 663.

[31] Compl. (Doc. 2) ¶¶ 49–52.

[32] *See, e.g.*, *Aetna Cas. and Sur. Co.*, 281 Ark. at 133, 664 S.W.2d at 465.

[33] Pls.' Br. in Supp. of Resp. to Def.'s Partial Mot. to Dismiss (Doc. 9) at 3.

[34] *Iqbal*, 556 U.S. at 663.

[35] Compl. (Doc. 2) ¶¶ 27–38.

bad faith.[36]  Accordingly, the Lemoines have failed to plead factual allegations that are sufficient to allow the Court "to draw the reasonable inference" that State Farm is "liable for the [bad faith] misconduct alleged."[37]

The Lemoines have not sought leave to amend their Complaint in the event the Court grants State Farm's Partial Motion to Dismiss.[38]  The Court, however, "should freely give leave [to amend] when justice so requires."[39]  And it may do so *sua sponte*.[40]  Considering "the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits," the Court gives the Lemoines leave to amend their Complaint. [41]  The Lemoines will have twenty-one days from the date of this Order to file an amended Complaint (if they believe they can fix the deficiencies identified in this Order).

IT IS SO ORDERED this 15th day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[36] *See, e.g.*, *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628, 210 S.W.3d 84, 88 (2005) ("The tort of bad faith does not arise from a mere denial of a claim . . . ."); *see also Findley v. Time Ins. Co.*, 264 Ark. 647, 653, 573 S.W.2d 908, 911 (1978) (holding that alleging "fail[ure] to investigate" without more "does not give rise to a [bad faith] cause of action in tort").

[37] *Iqbal*, 556 U.S. at 678.

[38] *See* Pls.' Resp. to Def.'s Partial Mot. to Dismiss (Doc. 8).

[39] Fed. R. Civ. P. 15(a)(2); *In re 2007 Novastar Fin. Inc., Sec. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009).

[40] *See Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022).

[41] *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 824 (8th Cir. 2009) (discussing post-judgment motions for leave to amend).